**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:16-cv-00389-RJC**

| | |
|---|---|
| SCOTT E. GREASAMAR, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NANCY A. BERRYHILL, ) | |
| **Acting Commissioner of** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment,

(Doc. No. 9), and Memorandum in Support, (Doc. No. 10), and Defendant's Motion for Summary

Judgment, (Doc. No. 12), and Memorandum in Support, (Doc. No. 13).

**I.     BACKGROUND**

  A.     Procedural Background

Plaintiff Scott E. Greasamar ("Plaintiff") seeks judicial review of Defendant Social

Security Commissioner's ("Defendant" or "Commissioner") denial of his social security claim.

(Doc. No. 1).  On July 13, 2014, Plaintiff filed his application for a period of disability and

disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and

Title XVI of the Social Security Act, 42 U.S.C. § 405 et seq. (Doc. Nos. 8 to 8-8: Administrative

Record ("Tr.") at 142).  In his application, Plaintiff alleged an inability to work due to disabling

conditions beginning on September 1, 2013.  (Id.).  Plaintiff's application was denied initially on

August 19, 2014 and upon reconsideration on November 12, 2014.  (Id. at 19).  A video hearing

was then held on March 23, 2016 before Administrative Law Judge ("ALJ") Sherman D.

Schwartzberg. (Id. at 33–54). In 2016, the ALJ denied Plaintiff's claims and the Appeals Council thereafter denied Plaintiff's request for review, rendering the ALJ's decision the final determination of Defendant. (Id. at 1–5, 16–33).

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between September 1, 2013, and September 30, 2015, the date Plaintiff was last insured.[1] (Tr. at 19). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ ultimately concluded that Plaintiff was not under a disability at any point in the relevant timeframe. (Tr. at 29).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

---

[1]    Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

See 20 C.F.R. § 404.1520(a)(4)(i–v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. at 27–28).

To begin with, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since September 1, 2013, his alleged disability onset date. (Id. at 21). At the second step, the ALJ found that Plaintiff had the following severe impairments: "retinal disorder, degenerative disc disease, osteoarthritis." (Id.). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1." (Id. at 22).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "medium work … except he could perform frequent postural, occasionally balance, never climb ladders/ropes/scaffolds; must have avoided even moderate exposure to hazards (unprotected heights, moving machinery, etc.), could not drive on the job, and could not perform jobs requiring perfect vision." (Id.). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs [Social Security Rulings] 96-2p, 96-5p, 96-6p and 06-3p." (Id. at 22–23).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Id. at 27). Finally, at the fifth and final step, the ALJ concluded that, after "considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Id. at 27–28). Therefore, the ALJ determined that Plaintiff was not under a "disability," as defined by the Social

Security Act, from September 1, 2013 through September 30, 2015, the date Plaintiff was last insured.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  The District Court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence.  Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775.  Indeed, this is true even if

the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION

On appeal, Plaintiff asserts that the ALJ erred in his decision because he did not: (1) weigh the opinions of state agency psychological consultant, Dr. Grover, as directed by the regulations; (2) properly utilize the procedures mandated in regulations for evaluating Plaintiff's mental impairments; or (3) obtain an explanation from the vocational expert ("VE") about conflicts between the Dictionary of Occupational Titles ("DOT") and the expert's testimony.  (Doc. No 10). Defendant responds, arguing that the ALJ: (1) properly considered the opinion of Dr. Grover; (2) committed harmless error by failing to use the specific procedures laid out in the regulations for determining Plaintiff's mental RFC; and (3) properly relied on the VE's testimony.  (Doc. No 13).

After reviewing both parties' memoranda, the ALJ's decision, Plaintiff's medical record, and relevant case law, the Court finds that the ALJ's decision must be remanded under Plaintiff's second argument.  That is, the ALJ failed to use the "special technique" for evaluating mental impairments as laid out in 20 C.F.R. §404.1520a(a).  Under this technique, the ALJ must first "evaluate the symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment."   Smith v. Astrue, No. 1:10cv143, 2011 U.S. Dist. LEXIS 138589, at *11-12 (W.D.N.C. Dec. 1, 2011) (citing 20 C.F.R. § 404.1520a(b)).  Then the ALJ must rate the degree of Plaintiff's functional limitations in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation.  In doing so, the ALJ must use a specific scale.  Id. (citing 20 C.F.R. §404.1520a(c)(3) and (4)).  The areas of activities of daily living; social functioning; and concentration, persistence or pace are rated according to a five-point scale: none, mild, moderate,

marked, and extreme. Id. (citing 20 C.F.R. § 416.920a(c)(4)). The last area, episodes of decompensation, is to be rated according to a four-point scale: none, one or two, three, or four or more. Id. Importantly, however, the special technique is not mandated in all cases. Where a claimant fails to list a mental impairment on her administrative proceedings on either the initial or reconsideration level or where the record simply provides no evidence for limitations based on a claimant's mental impairment, the ALJ is not required to use the special technique. Dade v. Colvin, No. 1:14-cv-00134-MOC, 2015 U.S. Dist. LEXIS 14544, at *11-13 (W.D.N.C. Feb. 6, 2015); Guthrie v. Colvin, No. 4:13-CV-57-FL, 2014 U.S. Dist. LEXIS 78032, at *41-43 (E.D.N.C. May 20, 2014); see also Baker v. Chater, 957 F. Supp. 75, 79 (D. Md. 1996) ("The necessary implication of the regulation, of course, is that no PRTF is required if there is no evidence of a mental impairment.").

Here, the Court expresses no opinion whether the ALJ erred in his ultimate determination that Plaintiff's alleged mental impairments were non-severe. (Tr. at 22). That being said, the process the ALJ used to describe his determination was inadequate. Here, claimant does allege mental impairments: anxiety and depression. (Id.). Furthermore, the medical record shows some evidence of Plaintiff's mental impairments. Dr. Grover assigned mild limitations to Plaintiff's daily living activities; social functioning; and concentration, persistence, or pace and found no repeated episodes of decompensation. (Id. at 72). Therefore, the ALJ was obligated to employ the special technique described above.

In his decision, the ALJ acknowledges Dr. Grover's findings briefly but ultimately failed to list the four categories for mental limitations, not to mention rate them. Defendant argues that the ALJ "[t]he ALJ, in effect, adopted Dr. Grover's use of the special technique." (Doc. No. 13 at 7–8). However, the ALJ merely states that his finding is consistent with Dr. Grover's report. (Tr.

at 22). He does not state that he adopts his conclusions whole sale, nor does he explain how much weight was given to Dr. Grover's report. (Id.). Furthermore, the ALJ does not cite Dr. Grover's report alone. He cites two reports from state agency consultants at once, one of which being Dr. Grover's. (Id.) (citing Exhibits 1A, 3A). The Court cannot go so far as to imply that the ALJ specifically adopted the special technique of one of those two reports without discussing it further.

The important issue here is that the ALJ does not say that Plaintiff lacks any mental limitations. Rather, the ALJ states that Plaintiff's mental limitations exist but are non-severe. This leaves the Court to guess whether these non-severe limitations are mild or moderate in form. If they are moderate, Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), would trigger an explicit function-by-function analysis requirement. If they are mild, no such analysis would be required within the RFC.[2] The Court simply cannot allow the ALJ to set aside the mental RFC technique when the record shows evidence of at least some mental limitations. The Court therefore remands this case for a more thorough discussion of Plaintiff's limitations in accordance to the regulation's special technique.

---

[2] This Court does not interpret Mascio's holding as applying to all restrictions. See Brooks v. Berryhill, No. 3:15-CV-00440-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017) (holding that "Mascio dealt with 'moderate' restrictions and did not hold that all restrictions, including mild restrictions, be explicitly discussed in terms of RFC."); see also Gilbert v. Berryhill, No. 5:16-CV-00100-MOC, 2017 WL 1196452, at *3 (W.D.N.C. Mar. 29, 2017) (finding that Mascio did not apply to cases of mild difficulties); Roberson v. Colvin, No. 3:14–cv–00488–MOC, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016) (finding that, because the case "concerns only 'mild difficulties,' it [did not] trigger the RFC discussion requirements of Mascio per se."). Other Courts disagree with this interpretation. . See, e.g., Reinhardt v. Colvin, No. 3:14-CV-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) (finding that the ALJ failed to provide a detailed assessment of the plaintiff's mild mental limitations in the body of the RFC discussion).

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**;

2.    Defendant's Motion for Summary Judgment, (Doc. No. 12), is **DENIED**;

3.    This case is remanded for further proceedings; and

4.    The Clerk of Court is directed to close this case.

Signed: January 5, 2018

Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.